IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DEANE WARD, | No. 2:15-CV-0207-GEB-CMK-P |
|     Petitioner, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| M.D. BITER, | |
|     Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 11).

Petitioner is serving an indeterminate life term without the possibility of parole following a conviction for first degree murder. Petitioner's conviction and sentence were affirmed on direct appeal and the California Supreme Court denied review. Petitioner then filed the following post-conviction actions in state court:

    First Petition    Sacramento County Superior Court
                                      Filed April 10, 2011
                                      Denied May 13, 2011

/ / /

1

|   |   |   |
|---|---|---|
| 1 | Second Petition | California Supreme Court |
| 2 |  | Filed February 21, 2012 |
|   |  | Denied May 23, 2012 |
| 3 | Third Petition | California Court of Appeal |
| 4 |  | Filed July 6, 2013 |
|   |  | Denied July 18, 2013 |
| 5 | Fourth Petition | California Supreme Court |
| 6 |  | Filed August 20, 2014 |
|   |  | Denied October 29, 2014 |

Petitioner also filed a prior federal habeas corpus petition in this court challenging the same conviction and sentence. See Ward v. Bitter, 2:12-CV-0047-KJS. That petition was denied on the merits on March 21, 2013, and reconsideration was denied on April 23, 2013. Thereafter, the Ninth Circuit Court of Appeals denied petitioner's request for a certificate of appealability and the Supreme Court denied certiorari.

In his motion to dismiss, respondent argues, among other things, that the instant petition must be dismissed as a second or successive petition filed without first obtaining permission to do so from the Ninth Circuit. The court agrees. Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition can be filed in the district court, however, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

///

1    In the instant petition, petitioner claims that his appellate counsel was ineffective. This claim was not raised in the prior federal petition adjudicated in 2013 and petitioner has not obtained leave from the Ninth Circuit to present it now in the context of a second or successive federal petition. While petitioner argues in his opposition to respondent's motion to dismiss that this second federal petition should be allowed, that is a determination for the Ninth Circuit not this court.

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 11) be granted and that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 28, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE